Judge Buckner,
delivered the opinion of the court.
Robert Sterrett, on the 4th of November 1815, being then an inhabitant of the state of Virginia, made his last will and testament, by which he bequeathed
To his son Thomas, £ 100 more than he had previously received, from the testator.
To his son Charles, £100 more than he had.rec’d.
To his son Robert, £ 150 more than he had rec’d.
To his son Joseph, ‡ WOO more than he had rec’d.
To his grand daughter, Elizabeth Fenston, £100.
To his grand daughter, Mary Fenston, £100.
To his two grand sons, William and John, sons of *426 Isaac Fenston, £100, to be equally divided between them.
The will directs his executors to lend the money, thus bequeathed to his grand children; and to renew the bonds, taken to secure its payment, from time to time, until they should become of age. Should either die previous to that period, the part of the decedent to be divided amongst the survivors.'
To his daughter, Sally Todd, £100 more than she had received from him.
To his wife Elizabeth, the remainder of his estate not devised, to be at her disposal, including slaves.
His son-in-law, John Todd and his son Joseph were named as Executors.
Some time subsequent to the date of his will, the testator removed to this state, and settled in the county of Butler, where he died; and where,a considerable time after his death, it was admitted to record, in April 1821. Todd, alone, took upon himself the burthen of executorship.
The widow of the testator, on the 14th of Dec. 1820, executed to Todd, the executor, a deed of gift of that date, by which she transferred to him, (the deed expressing a consideration of one dollar,) four slaves, Cate and her two children, Darky and Jane, and Sylvia, and their increase, being a part of those claimed by her, as residuary legatee, under the will of her deceased husband. She also transferred to him the sum of $1000, which Todd, as executor, had collected from Powell; and the further sum of $1,300, of a debt due to the estate of her deceased husband, by Thomas, John and William Coalter, of Virginia, claimed by her as residuary legatee; which bequests were made, as the deed recites, as a part of the share of Todd’s wife, in the estate of the doner. The deed then, recites, that whereas, she had reserved for her own use, during her life, the above mentioned slave Sylvia, with the stock of horses, cattle and sheep; the household and kitchen furniture; and farming utensils; in consideration of the premises, she transferred to said Todd, one-third part of the last mentioned property; with one-third part of any *427 money that might remain of her estate, deducting therefrom the sum of $>500, which she intended to reserve for the children of her son Robert. On the 18th of the same month and year, she made her will, appointing John Porter and William Carson executors, which after her death, was admitted to record, in June, 1821. She thereby bequeathed, of the property which she claimed, as residuary legatee, to her son, Thomas Sterrett, $1; to her son, Charles Ster-rett, $ 1; to the late widow of her son Robert, $> 1; to the three children of said Robert, (to-wit, Major, Alphonso and David) $500, to be equally divided between them, as each became of age; to her four grand children, Eliza, William, John and Mary Fenston, two tracts of land, which are described; and the following slaves, Tilda, Tempe and Maria, with their increase; also the sum of $350, to be equally divided between them; each one to receive his or her portion on marriage, or arrival at age;'* to her daughter, Sally Todd, -$>1; to her son, Joseph Sterrett, the tract of land on which she then lived, and slaves, Dick and Betty, with the increase; to her grand daughter, Elizabeth Sterrett, daughter of Thomas Sterrett, a slave Mary and her increase. The will then recites, that, as it was believed there would be abalance of money, when collected, afterpayment of debts and legacies; she wills that such balance should be divided into three equal parts; her son Joseph to have one part; the children of her daughter, Isabella Fenston one; and her son-in-law, Todd, the other; according, as the will expresses it, “to an obligation he holds.',,
To her son Joseph, she further bequeaths, one-third part of her stock of horses, cattle, hogs, sheep &c. and of her farming utensils, household and kitchen furniture, &c.
To her grand children, the Fenstons, one-third; which she directed to be sold, and the proceeds to be paid to them, as the other legacies. The will mentions Todd’s claim to the other third, under the deed of the testatrix; and says that he is to have it at her death, if he should not get it sooner.
Some time after the will of Elizabeth Sterrett was admitted to record, Thomas Sterrett, Charles Ster-rett, and Major, Alphonso, and David Sterrett, (the *428 three last named being infants) by said Thomas' Step* rett, as their next friend, filed their bill in chancery, in the Butler circuit court, making John Todd, (his wife having previously departed this life) Joseph Sterrett, Elizabeth, daughter of Thomas Sterrett, the four Fenstons, with Porter and Carson defendants; attacking the will of Elizabeth Sterrett and her deed to Todd, as having been fraudulently obtained; praying that they might be set aside; that Carson and Porter might render an account of money received, &c. and that the property left by said Elizabeth be distributed amongst those entitled to it. Todd and Joseph Sterrett were also called on, to render an account of their executorship, &c. and that they be compelled to pay all legacies. Todd answered, denying the fraud charged; and responding to the other allegations of the bill; but it is not necessary to notice his statements, or those of the other defendants who also answered ;fthe Fenstons (who were infants) doing so by their guardian, ad litem\ and Joseph Sterrett alleging that he had renounced his right as executor, &c.
In March, 1825, a decree was entered, by consent, that the will of said Elizabeth be established, and that the deed to Todd should be confirmed; and that the executors of both wills should pay to the legatees, the several bequests to them; and as Robert Ster-rett, jr. one of the legatees of Robert Sterret, sen. had départed this life, previous to his father; and his legacy had therefore lapsed, it was agreed by the parties, and so entered as a part of the decree, that the legacy to him should be paid to his children; and that Todd and Joseph Sterret should give to said children and to. Thomas Sterrett, their interest or claim, under the will of Elizabeth Sterrett, to the balance of money, which, as stated in said will, it was supposed would be left, after payment of debts and legacies.
The executors of the two wills were to be allowed credits for such payments as they had made to the several legatees; reserving to themselves, the right, when called on, to rely on any matter extinguishing any portion of said legacies.
In September, 1827, Thomas Sterrett, Major, Al *429 phonso and David Sterrett, (the three last suing as infants, by Thomas Sterrett, their next friend,) Eliza, William, John and Mary Fesnton instituted the present suit, in chancery, against John Todd his surety on his bond, as executor; against Joseph Sterrett and S. Todd; and against William Carson, and John Porter, executors of the will of Elizabeth Sterrett, and their sureties, Thomas Carson and C. Burgher, to compel payment of their respective legacies, and a settlement, by the executors of each will, of their accounts as such, &c. alleging that they had received a sufficiency of money, due to the estate of said Robert, and to that of said Elizabeth, for that purpose, and that nothing had been paid towards any of the legacies, except .$>250, paid by Cárson and Porter to the guardian of the children of Robert Ster-rett, jr. which sum was paid under the decree above mentioned; to which they refer, making it a part of their bill. Thomas Sterrett, and the sons of said Robert deceased ask for a decree for their parts of the balance left, after payment of debts and legacies, which, as stated in the will of Elizabeth Sterrett, it was supposed there would be; and which,amounting (as the bill alleges) to a large sum, was transferred to them, by the aforesaid decree.
Todd answered, that he had caused an inventory of the personal estate of his testator to be made out, including everything, except the debts due by bonds, on persons in Virginia, which he supposed it was not his duty to have included. He says, that the whole of the property, except the slaves Kate, Darkey, Jane and Sylvia, conveyed to him by the deed from Elizabeth Sterrett, and of which he took possession, were, by those concerned, permitted to remain with Elizabeth Sterrett; it being supposed, at the time, that the money due to the estate of his testator, by persons in Virginia, would be sufficient to pay all the legacies in the will of his testator; and that since the death of Elizabeth Sterrett, it had come to the hands of her executor. He admits, that of the debts due to his testator, he had received, as executor, the following sums, $ 1846 from Powell, $415 64 cents from Mitchell,and $¡76 28 cents from others; that the debt due from the Coalters amounted to $2784 76 cents, and interest, but had not been collected. He insists *430 however, that under the deed from E. Sterrett to him, he had a right to retain, for his own use (excepting the part relinquished by the consent decree) the money and property mentioned in that deed, and was not responsible for it, as executor, and that as to the part relinquished or transferred by that decree, to a part of the complainants, he had nothing to do with it; the executors of E. Sterrett, being alone answerable, on that account. He says that he had paid to Charles and to Joseph the legacies, to which they were entitled, under the will of their father; that Thomas had received, of money belonging to the estate of his father, since the death of said Robert, more than the amount of his legacy; that the grandchildren of his testator claiming legacies were minors; and according to the will, not yet entitled to receive them; and that Robert’s had lapsed. He insists moreover, that although, by the decree entered by consent, it was directed to be paid to his children; it is left uncertain by whom the payment was to be made; the decree being, in that respect, indefinite. The executors of E. Sterrett answered also. They say, that when they entered on the discharge of their duty as executors, they found that the property which had been claimed by their testatrix, had been appraised as constituting a part of her deceased husband’s estate, but that they took possession of it (except a horse, taken by Todd) and had itappraised as of herestate,andsold itaccord-ing to law, &c. The horse so taken by Todd, was appraised at the value of $50. They say, that Todd was present at the sale, and did not object to it; and they set out various articles of property delivered, and of payments made to different legatees, under the will of their testatrix, amongst which, was one to Todd of $85, for which they exhibit his receipt.— They insist, that all the money received by Todd, due to the estate of his testator, should be considered as assets, in his hands, for the payment of legacies. They refer to the decree above mentioned; pray that their answer may be taken, as a cross bill against him; and that he be compelled to pay to the children of Robert Sterrett, jr. the legacy left to said Robert.
Todd answered the cross bill of Porter and Carson at great length, but it is not necessary to notice itin detail. He admits, however, that the estate of his *431 testator was amply sufficient for the payment of all legacies; but insists, that Elizabeth Sterrett had a right to dispose of the property transferred to him, as there was a sufficiency left, in the hands of her executors, to pay off all the legacies in her husband’s will; and that he had a right to retain the legacy left by his testator to his, Todd’s wife.
In September, 1829, a decree was entered against Todd and surety, for the following sums, in favor of the following persons:
To Thomas Sterrett £100, subject to certain credits, with interest from 1st of Januray, 1819, until paid.
To Major, Alphonso and David Sterrett, £100, with interest thereon, from the 1st of March, 1825, until paid.
To Eliza Fenston, £100, with interest thereon from 1st of January, 1819, until paid.
A decree was also entered, against the executors of Elizabeth Sterrett, and their sureties, in favor of some of her legatees, for the legacies, claimed by them, under her will. But it is not necessary further to notice it, as it is not presented for supervision, in this case.
On the trial of the cause; but before the decree, which had been pronounced, was entered of record, Todd moved the court for permission to file a paper, which he denominates an amendment to the answer of his co-defendant; (but which co-defendant was intended, does not appear) which amendment he prays to be considered as a cross bill, against Carson &c. the object of which, was, merely to insert a prayer that the court would decree, (so far as the complainants, or either of them were entitled to |recover on account of their claims for legacies, undpr the will of Robert Sterrett) against the executors of Elizabeth Sterrett, to the extent of assets, in their hands; or that, if the court should consider .it as most proper to decree against him, Todd; a decree might be rendered in his favor against said executors.
The motion was overruled, and from the decree rendered against Todd, he alone appealed; and has assigned various errors, to some only of which, we shall turn our attention.
General rule, that to a bill in chancery which seeks relief, (for a different rule prevails where a discovery only is sought,) all persons materially interested in the subject of the suit, must be broughtbefore the court, in the attitude of complainants or defendants .
It is a rule, that no one need be made a party to a suit in chancery, against whom, if brought to a hearing, the complainant can have no decree.
A residuary legatee is not a necessary party to a bill by a legatee against the executor.
Where a legatee out of real estate Síes a bill, every legatee whose legacy s charged on be before the court,
*432 The first we shall notice, is an alleged omission to make the proper parties. In support of which, it has been insisted, that Sally Todd and Charles Sterrett, as legatees under the will of Robert Sterrett, sen. were necessary parties.
Who are necessaiy parties to a bill, is often a perplexing question.
The general rule is, that where a suit, by bill, Í3 instituted for relief,(for a different rule prevails where a discovery only is sought) all persons materially interested in the subject of the suit, however numerous, ought to be broughtbefore the court, in the attitude of complainants, or defendants; that thereby a multiplicity of suits may be prevented; and that the court may decree full justice between all concerned, at once. But this, like other general rules, has its exceptions. Thus it has been decided, that the cases of creditors and legatees, sueing on behalf of themselves and others, form, from necessity, exceptions to the rule. But it is also a rule, that no one need be made a party, against whom, if brought to a hearing, the complainant can have no decree. For this reason, a residuary legatee need not be made a party to a bill by a legatee, against an executor. De Golls vs. Ward; III. Pr. Wm’s. 310, in note 1. I. Bro. c. c. 303. Nor in such case are other legatees, out of personal estate only, necessary parties; although, where a legatee out of real estate, files a bill, every legatee, whose legacy is charged on such real estate, ought to be before the court; Maddock’s Chan. II. vol. 183. But independently of the foregoing view, Todd not only admits that the estate of his testator was amply sufficient, after the payment of debts, to discharge all legacies; but says, that Charles Sterret’s legacy had been paid. He has, therefore, no right to complain, that Charles was not made a party; if even otherwise, it was necessary. As to the other legatee, who was his wife; it appears that she had departed this life before the institution of this suit; he insists on his right to retain her legacy.
Upon the merits ofthecase one of the main grounds of defence assumed by the appellant, that the widow of his testator, as residuary legatee, was permitted to take the whole of the property of her deceased hus *433 ’band’s estate, by the consent of all the legatees, under-a belief that the debts due in Virginia, would be suffi-dent to discharge the legacies; but that in that he was deceived, &c. cannot be sustained. Because is no proof shewing that she did retain the whole of the property; or that any such consent was given.— These are matters relied upon in avoidance, and cannot be taken, as true, without proof. The answer Carson and Porter is not evidence against others; and if it was, they do not admit the alleged consent. Indeed, some of the legatees were minors; and therefore, incapable of binding themselves by consenting to an arrangement calculated, if not to insure an entire loss, at least toa considerable degree, to jeopard their claims. Besides, if the demands on persons in Virginia, constitute the fund, agreed tobe looked to for the payment of legacies, it was unjustifiable, in Todd, to render that incompetent, by attempting to secure a large portion of it to himself, under the voluntary deed from Mrs. Sterrett. It at least shews, that he was too little regardful of his duty as executor. The path pointed out to him, was plain. He might and should promptly have paid all the legacies bequeathed by his testator; and his voluntarily permitting property and money, which ought to have been applied to that purpose, to slip through his hands, and passed to one whose claim was secondary to that of all the other legatees; and then procuring from a large portion of the very funds, with which those legacies should have been paid, presents no available defence. It is probable, that the money received him as executor, and the property transferred to him by Mrs. Sterrett, would be fully equal to the amount decreed against him, and to the legacies which had paid. ,
Matter in avoidance, “eapj0VS(i.
The sums received are as follows:
Of Powell, 11846
Of Mitchell, 415
Of Coalters, 76 28
$2337 28
The greater part of this sum, and particularly the *434 $¡1846, he received, according to his own admission, in January, 1819.
Allow him the following credits:
For the legacy paid to Joseph Sterrett, $>1000
For that paid to Charles Sterret, 833 33 1-3
For his wife’s legacy, upon the supposition that he has a right to retain it, 333 33 1-3
$¡1666 66 2-3
Deduct the latter sum from the former, and the amount of money in his hands would be $670 61 1-3 cents. Add to this the value of the four slaves conveyed by the deed of gift, and the horse, which he also admits that he received, and it would probably be more than sufficient to meet the amount decreed against him, and the legacies paid. We say, probably, because the value of the slaves does not appear, from any part of the record; no inventory of the estate having been exhibited, none at least, appears in the record.
If therefore, Todd’s defence stood unconnected with, and uninfluenced by the decree of March 1825, he would have no just cause to complain of the decree appealed from, on the ground, that he has not assets in his hands to the amount of it. It remains, therefore, to consider, what effect should be given to that decree. One of the objects in view, in the suit, ¡n which itwas entered, was (as has been already shewn) to set aside the will of Mrs. Sterrett and her deed to the appellant, on the ground of fraud. He and Joseph Sterrett were charged with a fraudulent combination. By the decree, however, the matters of ■dispute were compromised; the will was established, and the deed confirmed; but on what terms? That the executors of each will should pay to the several legatees their respective legacies; that as Robert,one of them, had died before his father, the legacy intended for him, should be paid to his children; the appellant and said Joseph transferring to Thomas and ■the heirs of Robert, their claim or interest, in the balance of money described in the will. This decree, although not as definite and perspicuous as it should have been, is yet intelligible. Under it the -duty of the appellant was to discharge all the lega- *435 des given by the will of his testator. Some of the parties to the suit, in which it was entered, for instance, Thomas and Charles Sterrett, were not interested in the establishment of the will of Sterrett, for they were cut off, by it, with one dollar each. It would have been unreasonable to have demanded of them, that they should consent to have the payment of their legacies subjected to the least hazard, to procure the establishment of a will, in which they had a merely nominal interest; nor is the decree of March, 1825, susceptible of such a construction. If the deed of gift stands confirmed; that cannot absolve the appellant from the performance of a duty incumbent on him, not only by his undertaking to execute the will of his testator, but by a decree, entered", with his consent. It is true, that the establishment of E. Sterrett’s will may avail him but little, if any thing, unless the property of which he once had the control as executor, can be subjected, in the hands of her executors, or legatees, for his indemnity.
Mills and Brown, for appellants; Crittenden, for appellees.
How far he has a right to look to them for relief, it will not be proper to examine, until the subject is properly presented; which has not been done in the present case. The circuit court did not err, in refusing to arrest the proceeding, after the decree had been pronounced, to afford to him an opportunity of filing an amendment. The suit had not been prepared, with an eye, to such a contest; and if the amendment had been filed, the case would not have been in a state of readiness for a decree, in relation to such a controversy as would have been presented. The decree however, is erroneous: first, in allowing current interest; secondly, in giving interest in favor of Major, Alphonso and David Sterrett; because as they were infants, and had no guardian authorized to receive the amount claimed by them; the appellant cannot be considered as in default, by omitting payment.
The decree, as to those particulars, must be reversed; but is, in other respects correct, and must be affirmed. The cause must be remanded, with directions to enter a decree in conformity with this opinion.